AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Marcos CRUZ-BELLO<br>a/k/a Esrider Cruz-Bello<br>a/k/a Espider Cruzbello<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )   Case No.  6:17-mj- 1686 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 24, 2017** in the county of **Volusia** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mark Annotti, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **8/25/17**

_____
*Judge's signature*

City and state: **Orlando, Florida**

Gregory J. Kelly, United States Magistrate Judge
*Printed name and title*

STATE OF FLORIDA

COUNTY OF ORANGE

CASE NO. 6:17-mj- 1686

### AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security, United States Immigration and Customs Enforcement (DHS/ICE), and have been employed with DHS/ICE for 14 years. I am currently appointed as the Violent Criminal Alien Section (VCAS) Officer assigned to Enforcement Removal Operations (ERO) in Orlando, Florida. My duties include the investigation and prosecution of cases involving persons who have illegally re-entered the United States after having been removed or deported.

2. The information set forth in this affidavit is based on my own investigation; information supplied to me by other law enforcement officers and agents; and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set

forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. In or about May 2016, DO Adalberto Arroyo, ERO Orlando, identified Marcos **CRUZ-BELLO**, a/k/a Esrider Cruz-Bello, a/k/a Espider Cruzbello (DOB: xx/xx/1983; Alien File Number: A xxx xxx 063; FBI: 914185CD3), as a person who had been recently convicted of a state offense in Florida and sentenced to felony probation. Over the next few months, DO Arroyo made numerous attempts to positively identify and locate **CRUZ-BELLO** by requesting assistance from the local probation office of the Florida Department of Corrections and appearing at the local probation office during **CRUZ-BELLO's** scheduled appointments. DO Arroyo's attempts to positively identify and locate **CRUZ-BELLO** were unsuccessful.

4. On or about May 31, 2017, DO Arroyo contacted the Volusia County Jail and retrieved the booking fingerprints of **CRUZ-BELLO**, dated December 5, 2015, that had been taken following **CRUZ-BELLO's** arrest for burglary of a dwelling. Shortly thereafter, DO Arroyo forwarded **CRUZ-BELLO's** case to me because it falls under the guidelines of my assigned duties as the VCAS Officer.

5. On August 24, 2017, I submitted the set of fingerprints taken from **CRUZ-BELLO** on December 5, 2015, to the Federal Bureau of

Investigation Special Processing Center. The Special Processing Center analyzed the set of fingerprints and determined that they matched **CRUZ-BELLO** (under his alias Esrider Cruz-Bello) and FBI number 914185CD3. **CRUZ-BELLO**'s most recent fingerprints also matched fingerprints from his Alien File (A xxx xxx 063), which is discussed below.

6. I conducted a review of various databases and ICE records, which revealed that **CRUZ-BELLO** has an Alien File (A xxx xxx 063), that he was born on xx/xx/1983, in Mexico City, Distrito Federal, Mexico, and that he is a citizen of Mexico and not a citizen of the United States. **CRUZ-BELLO** was administratively ordered deported/removed from the United States to Mexico by an Acting Patrol Agent in Charge on December 4, 2011. **CRUZ-BELLO** was physically removed from the United States to Mexico three times—on December 11, 2011; February 8, 2012; and December 21, 2012. **CRUZ-BELLO** never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

7. A criminal history check revealed that **CRUZ-BELLO** was previously convicted of illegal entry into the United States, in violation of 8 U.S.C. § 1325, on December 5, 2011, and sentenced to 7 days' imprisonment.

On November 15, 2012, **CRUZ-BELLO** was again convicted of illegal entry into the United States, and sentenced to 40 days' imprisonment. A criminal history check further revealed that **CRUZ-BELLO** was recently convicted of attempted burglary of an occupied dwelling, a felony violation of Florida law, on April 11, 2016. **CRUZ-BELLO** was sentenced to 3 years' probation.

8. ERO officers arrested **CRUZ-BELLO** on August 25, 2017, in Volusia County. They identified **CRUZ-BELLO** by matching his physical likeness to a photograph in **CRUZ-BELLO**'s A-file and another photograph from the Florida Department of Corrections website. In addition, **CRUZ-BELLO** was carrying a Mexican identification card in the name of Espider Cruzbello, one of his known aliases.

9. Based on the foregoing, I believe that there is probable cause to believe that **CRUZ-BELLO** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a).

This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration and Customs Enforcement

4

Subscribed and sworn to before me
this _____ day of August, 2017.

_____
GREGORY J. KELLY
United States Magistrate Judge